IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHAUNCEY D. CHANDLER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SHARON PD, MERCER COUNTY, )<br>)<br>Defendants. )<br>)<br>) | Civil Action No. 20-26<br><br>District Judge W. Scott Hardy<br>Chief Magistrate Judge Cynthia Reed Eddy |

## MEMORANDUM ORDER

This matter comes before the Court on *pro se* Plaintiff Chauncey D. Chandler's Objections (Docket No. 40) to the Report & Recommendation ("R&R") of Chief Magistrate Judge Cynthia Reed Eddy entered on December 30, 2020. (Docket No. 39). The R&R recommends that the Motions to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendant Sharon Police Department (Docket No. 2) and Defendant Mercer County (Docket No. 6) be granted and that Plaintiff be permitted to file a motion for leave to amend his complaint as set forth in the R&R. Service of the R&R was made on Plaintiff by mail and he was informed that any objections to same were due by January 19, 2021.

On February 3, 2021, the Court received Plaintiff's Objections to the R&R, in which he broadly asserts that he "address[ed] this Court with the information . . . . to state [his] claim." (Docket No. 40 at 1). In resolving a party's objections, the Court conducts a *de novo* review of any part of the R&R that has been properly objected to. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). The Court may accept, reject or modify the recommended disposition, as well as receive further evidence or return the matter to the magistrate judge with instructions. *Id.* Upon careful

1

*de novo* review of the R&R, Plaintiff's Objections and the entire record, the Court concludes that the Objections do not undermine the R&R's recommended disposition.

In so ruling, the Court agrees with Magistrate Judge Eddy's conclusion that Defendant Sharon Police Department should be dismissed from this case with prejudice, as amendment would be futile. *See Padilla v. Twp. of Cherry Hill*, 110 F. App'x 272, 278 (3d Cir. 2004) ( "In Section 1983 actions, police departments cannot be sued in conjunction with municipalities, because the police department is merely an administrative arm of the local municipality, and is not a separate judicial entity.") (citation omitted); *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) (where a complaint is vulnerable to dismissal pursuant to Rule 12(b)(6), the district court must offer the opportunity to amend, unless an amendment would be inequitable or futile).  However, to the extent Plaintiff believes that he has facts to support a finding of municipal liability through a policy or custom that allegedly violated his civil rights against the City of Sharon, he will be permitted to file a motion for leave to file an amended complaint to name the proper parties.  *See Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 690-91, 694 (1978) (to establish municipal liability pursuant to § 1983, a plaintiff must identify the policy or custom of the municipal defendant that results in the constitutional violation).

As to Defendant Mercer County, the Court agrees with Magistrate Judge Eddy's determination that Plaintiff has not alleged that any policy or custom of Mercer County was the moving force behind the alleged violation of his constitutional rights.  *See Monell*, 436 U.S. at 690-91, 694.  As such, Mercer County's motion to dismiss will be granted and Plaintiff's Fourth

Amendment claim will be dismissed.[1] Because Plaintiff is proceeding *pro se*, however, he will be permitted to file a motion for leave to file an amended complaint to the extent that he can allege facts that would support a claim of municipal liability against Mercer County.

Finally, the Court agrees with Magistrate Judge Eddy that dismissal of Plaintiff's defamation claim is warranted because Defendants Mercer County and Sharon Police Department are entitled to immunity under Pennsylvania's Political Subdivision Tort Claims Act, 42 PA. CONS. STAT. ANN. § 8541, *et seq. See Keim v. County of Bucks*, 275 F. Supp. 2d 628, 638 (E.D. Pa. 2003) (observing that a local agency is immune from defamation claim under Pennsylvania law). Therefore, Plaintiff's defamation claim against Defendants Mercer County and Sharon Police Department will be dismissed with prejudice, as amendment would be futile.

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 26th day of February, 2021,

IT IS HEREBY ORDERED that Plaintiff's Objections to the R&R (Docket No. 40) are OVERRULED, and the R&R (Docket No. 39) is ADOPTED as the Opinion of the Court.

IT IS FURTHER ORDERED that the Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendant Sharon Police Department (Docket No. 2) is GRANTED, and the Sharon Police Department is dismissed from this action with prejudice, as amendment would be futile.

---

[1] Additionally, to the extent that Plaintiff intended to proceed against Mercer County Assistant District Attorney Kara Rice in this case, the Court agrees with Magistrate Judge Eddy's conclusion that she is entitled to absolute prosecutorial immunity for her role in prosecuting Plaintiff's bond revocation proceedings, as she was conducting activities intimately associated with the judicial phase of the criminal process. *Buckley v. Fitzsimmons*, 509 U.S. 259, 270 (1993). Accordingly, Defendant Mercer County's motion to dismiss is granted to the extent Plaintiff intended to proceed against ADA Rice, and any claims Plaintiff attempted to assert against her are dismissed with prejudice given that amendment would be futile. *See Alston*, 363 F.3d at 235.

IT IS FURTHER ORDERED that the Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendant Mercer County (Docket No. 6) is GRANTED as more specifically set forth in the R&R and discussed herein.

IT IS FURTHER ORDERED that Plaintiff is permitted to file a motion for leave to file an amended complaint to add the proper parties to this lawsuit or to add cognizable claims.  If Plaintiff elects to file a motion for leave to file an amended complaint, he must do so by **March 30, 2021**. Otherwise, Plaintiff's claims will be dismissed with prejudice and this case will be closed.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf: All counsel of record

    Chauncey D. Chandler (via U.S. mail)
    0059869
    Mahoning County Jail
    110 Fifth Avenue
    Youngstown, OH  44503