IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHAUNCEY D. CHANDLER,              ) | |
| Plaintiff,              ) | |
| v.              ) | Civil Action No. 20-26 |
| OFFICER DANIEL McEVOY AND DISTRICT ATTORNEY KARA RICE,              ) | District Judge W. Scott Hardy<br>Chief Magistrate Judge Cynthia Reed Eddy |
| Defendants.              ) | |

**<u>MEMORANDUM ORDER</u>**

Plaintiff Chauncey D. Chandler, proceeding *pro se*, initiated this case against Daniel McEvoy, a law enforcement officer for the Sharon Police Department ("Officer McEvoy"), and Kara Rice, a district attorney for Mercer County, Pennsylvania ("District Attorney Rice") for alleged civil rights violations. The matter now comes before the Court on Plaintiff's Objections (Docket No. 60) to the Report & Recommendation ("R&R") of Chief United States Magistrate Judge Cynthia Reed Eddy entered on November 23, 2021. (Docket No. 58). The R&R recommends that Officer McEvoy's Motion to Dismiss Plaintiff's Amended Complaint for failure to state a claim, (Docket No. 50), be granted and that Plaintiff's defamation claim be dismissed with prejudice, and his Fourth Amendment excessive force, false arrest and false imprisonment claims be dismissed without prejudice and he be permitted to file a second amended complaint to include facts supporting those claims.[1] (Docket No. 58 at 2, 13). The R&R further recommends that District Attorney Rice's Motion to Dismiss Plaintiff's Amended Complaint for failure to state

---

[1] Given that Officer McEvoy's Motion to Dismiss will be granted, a ruling on his alternative motion for a more definite statement is unnecessary, and that motion will be denied as moot.

1

a claim, (Docket No. 53), be granted and all claims against her be dismissed with prejudice. (Docket No. 58 at 2, 13). Service of the R&R was made on Plaintiff by mail and he was informed that any objections to same were due by December 10, 2021.

On December 28, 2021, the Court received Plaintiff's Objections to the R&R,[2] in which he generally asserts that District Attorney Rice failed "to give [him] exculpatory evidence, [although he is] not concern[ed] with her [but rather Officer] McEvoy who hurt [him] while [he] was harmless in his cruiser." (Docket No. 60 at 3). In resolving a party's objections, the Court conducts a *de novo* review of any part of the R&R that has been properly objected to. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). The Court may accept, reject or modify the recommended disposition, as well as receive further evidence or return the matter to the magistrate judge with instructions. *Id.* Upon careful *de novo* review of the R&R, Plaintiff's Objections and the entire record, the Court concludes that the Objections do not undermine the R&R's recommended disposition.

In so ruling, the Court agrees with Judge Eddy's conclusion that Plaintiff's claims against District Attorney Rice should be dismissed with prejudice because amendment would be futile. *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). As explained in the R&R, prosecutors are immune from damages claims arising from the initiation and pursuit of a criminal prosecution, *see Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976), and this immunity extends to claims based on their "failure to disclose exculpatory evidence, so long as they did so while functioning in their prosecutorial capacity." *Yarris v. County of Delaware*, 465 F.3d 129, 137 (3d Cir. 2006).

---

[2] Plaintiff notes in his Objections that he did not receive the R&R until December 16, 2021, which was after the deadline for filing Objections. (Docket No. 60 at 1). In reviewing Plaintiff's Objections, it appears the document was received on December 28, 2021 and entered on the docket on January 3, 2022. Given Plaintiff's *pro se* status, the Court accepts his untimely filing and considers it in making the rulings discussed herein.

Therefore, even assuming the evidence Plaintiff alleges that District Attorney Rice withheld during the pendency of his state prosecution was exculpatory, she is entitled to absolute immunity for withholding that evidence before trial as the R&R correctly concludes. (*See* Docket No. 58 at 12).

As to Officer McEvoy, the Court agrees with Judge Eddy's determination that Plaintiff has alleged no set of facts that would allow the Court to reasonably infer that he made any defamatory communication about Plaintiff. (Docket No. 58 at 6). As such, Plaintiff's defamation claim against Officer McEvoy will be dismissed with prejudice, as amendment would be futile. *See Alston*, 363 F.3d at 235.

The Court also agrees that Plaintiff has failed to allege facts that reasonably infer the use of excessive force and that reasonably infer false arrest and false imprisonment as to those claims against Officer McEvoy for the reasons explained in the R&R. (Docket No. 58 at 7-10). Consequently, Plaintiff's Fourth Amendment excessive force, false arrest and false imprisonment claims will be dismissed without prejudice, and he will be given an opportunity to file a second amended complaint to include facts to support those claims.

Finally, the Court reiterates and emphasizes several important points explained in the R&R that apply should Plaintiff choose to file a second amended complaint to include sufficient facts to support Fourth Amendment excessive force, false arrest and false imprisonment claims. As explained in the R&R, the opportunity to amend is not an invitation for Plaintiff to enlarge the lawsuit by filing new allegations not related to the allegations in the amended complaint or to add new defendants not related thereto. (Docket No. 58 at 8-9, n.2). Accordingly, inclusion of new and unrelated allegations and claims will be considered a failure to comply with the Court's Order and will result in dismissal of the second amended complaint. (*Id.*). The Court encourages Plaintiff to pay close attention to these admonitions, along with the other detailed information

contained in the R&R describing the appropriate contents of a second amended complaint. (*See id.*).

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 15th day of February, 2022, IT IS HEREBY ORDERED that Plaintiff's Objections to the R&R (Docket No. 60) are OVERRULED, and the R&R (Docket No. 58) is ADOPTED as the Opinion of the Court.

IT IS FURTHER ORDERED that the Motion to Dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendant District Attorney Kara Rice (Docket No. 53) is GRANTED, and all claims against Defendant Rice are dismissed with prejudice, as amendment would be futile.

IT IS FURTHER ORDERED that the Motion to Dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendant Officer Daniel McEvoy (Docket No. 50) is GRANTED as more specifically set forth in the R&R and discussed herein.  In view of this ruling, IT IS FURTHER ORDERED that Defendant McEvoy's alternative Motion for a More Definitive Statement (as also contained in Docket No. 50) is DENIED AS MOOT.

IT IS FURTHER ORDERED that Plaintiff's defamation claim against Officer McEvoy is dismissed with prejudice, as amendment would be futile; however, Plaintiff's Fourth Amendment excessive force, false arrest and false imprisonment claims are dismissed without prejudice and he is permitted to file a second amended complaint to include facts supporting those claims.   If

5

Plaintiff elects to file a second amended complaint, he must do so by **March 16, 2022**. Otherwise, Plaintiff's claims will be dismissed with prejudice and this case will be closed.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:  All counsel of record

      Chauncey D. Chandler (via U.S. mail)
      781207
      Southeastern Correctional Institute
      5900 BIS Road, SW
      Lancaster, OH 43130